UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| CHAMBERS OF | 101 WEST LOMBARD STREET |
| J. FREDERICK MOTZ | BALTIMORE, MARYLAND 21201 |
| UNITED STATES DISTRICT JUDGE | (410) 962-0782 |
| | (410) 962-2698 FAX |

July 7, 2006

Memo to Counsel Re: MDL-15863, Alger Subtrack
          *DeMayo v. Alger Small Portfolio et al.*,
          Civil No. JFM-04-876

Dear Counsel:

I have reviewed the memoranda submitted in connection with the Independent Trustees'[1] ("Trustees") motion to dismiss the claims brought against them under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Sections 36(b) and 48(a) of the Investment Company Act of 1940, which I expressly deferred ruling upon in the order I entered on March 1, 2006. In line with letter rulings I recently issued, the parties submitted a proposed order on June 13, 2006, which I granted, that dismissed the claims brought against the Trustees under Sections 20(a) and 48(a). What remains to be considered therefore, are the claims brought under Sections 10(b) and 36(b). I conclude that they also should be dismissed.

I begin by noting my full agreement with Judge Blake's recent opinion in the Federated subtrack in which she dismissed a 10(b) claim against independent trustees due to the plaintiff's failure to plead scienter with specificity. Judge Blake's reasoning applies with equal force in this case and compels dismissal of the 10(b) claim because the complaint suffers from the same deficiency. Indeed, plaintiff's only factual allegation about the Trustees beyond their title is that

---

[1] These defendants are John T. Sargent, Arthur M. Dubow, Stephen E. O'Neil, Nathan E. Saint-Amand, B. Joseph White, Charles F. Baird, Jr., Roger P. Cheever, and Lester L. Colbert, Jr.

they signed various SEC filings. (Compl. ¶¶ 137-44).

As for the 36(b) claim, while the complaint does include factual allegations about Alger Management, Inc.'s receipt of investment adviser fees, (*id*. ¶¶ 150, 152, 154, 156), no such allegations are made about the Trustees. Absent any averments about specific facts, I find plaintiff's conclusory allegation that the Trustees, along with the other Alger defendants, "devised and implemented a scheme to obtain substantial fees and other income for themselves and affiliates," (*id*. ¶ 217), insufficient to support a viable 36(b) claim.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order. I ask that the parties submit a proposed order within two weeks reflecting the rulings made herein.

Very truly yours,

/s/
J. Frederick Motz
United States District Judge